WERDEGAR, J., Concurring.
I agree with the majority that a laboratory assistant’s logsheet notation recording the identification number assigned to defendant’s blood sample was not made with sufficient formality or solemnity to be deemed a testimonial statement under Crawford v. Washington (2004) 541 U.S. 36 [158 L.Ed.2d 177, 124 S.Ct. 1354] and its progeny. (Maj. opn., ante, at p. 584.) I also agree with Justice Corrigan the notation was not made with a primary purpose of creating evidence for trial but was, rather, made for the administration of the laboratory’s own affairs, the notation of an identification number being the most rudimentary step in a laboratory routine, one *586 that would be required no matter what use is anticipated for the ultimate analytic results. (Cone. opn. of Corrigan, J., post, at p. 589.)
In dissent, Justice Liu argues essentially that every record made by a laboratory in the course of a forensic analysis is testimonial because a forensic laboratory’s procedures are regulated by state law and the laboratory’s ultimate purpose of creating criminal evidence permeates every step in a forensic analysis. (Dis. opn. of Liu, J., post, at pp. 599-600, 602.) While the United States Supreme Court decisions the dissent cites have involved the use at trial of a nontestifying analyst’s results and thus did not squarely address the question, presented here, of whether procedural notations can form the basis of a testifying expert’s opinion, certain passages in those decisions can be read to support the dissent’s analysis. (See Bullcoming v. New Mexico (2011) 564 U.S. _, _ [180 L.Ed.2d 610, 131 S.Ct. 2705, 2714]; Melendez-Diaz v. Massachusetts (2009) 557 U.S. 305, 321 [174 L.Ed.2d 314, 129 S.Ct. 2527].)
I submit the high court’s decisions should not be read in this manner; instead, we should continue the search for a workable rule that does not render it a constitutional violation whenever the prosecution fails to call to the stand everyone “whose testimony may be relevant in establishing the chain of custody, authenticity of the sample, or accuracy of the testing device.” (Melendez-Diaz v. Massachusetts, supra, 557 U.S. at p. 311, fn. 1.) Like Justice Breyer, I seek a fair and practical “Crawford boundary,” that is, a “logical stopping place between requiring the prosecution to call as a witness one of the laboratory experts who worked on the matter and requiring the prosecution to call all of the laboratory experts who did so.” ('Williams v. Illinois (2012) 567 U.S._,_,_[183 L.Ed.2d 89, 132 S.Ct. 2221, 2248, 2246] (cone. opn. of Breyer, J.).)
The laboratory assistant’s identifying notation here, in my view, lies beyond such a fair and practical boundary for applying the confrontation clause. Certainly the recording of an identifying notation, even in a county crime laboratory, raises none of the risk of fabrication or biased reporting that flows from police or prosecutorial interrogation; in that respect, the notation here bears no resemblance to the products of ex parte examinations, the use of which at trial was the principal evil at which the confrontation clause was aimed. (See dis. opn. of Liu, J., post, at p. 595.) Of course, unintentional errors can occur in recording an identifying number. But all recordkeeping by human hand is subject to such error. Unless business and public records generally are to be considered testimonial—which the high court has expressly said they are not (Melendez-Diaz v. Massachusetts, supra, 557 U.S. at p. 324; Crawford v. Washington, supra, 541 U.S. at p. 56)—the possibility of mistakes in recordkeeping, alone, cannot be sufficient to render a statement *587 testimonial. No reason appears to assume any greater risk of inadvertent error is present in a county crime laboratory than in other businesses or public offices.
Nor is much likely to be gained by requiring that in all cases the employee who records a laboratory identification number be called to the stand. Such an employee presumably makes scores or hundreds of such notations annually and is extremely unlikely to recall any particular one. For the notation to be admissible under state law, the procedures by which it was made must be established and must indicate its trustworthiness. (See Evid. Code, §§ 1271, 1280.) Here that was accomplished through the testimony of a supervising forensic analyst with long experience and full knowledge of the laboratory’s procedures. In the absence of anything dubious about an identifying notation, a cross-examiner would have no starting point to question its accuracy. (See Williams v. Illinois, supra, 567 U.S. at p. __[132 S.Ct. at p. 2250] (cone. opn. of Breyer, J.).) No significant benefit appears that would justify the expense of trial and witness time involved in requiring live witnesses on all such identifying notations.
The demands of the confrontation clause were properly satisfied in this case by calling a well-qualified expert witness to the stand, available for cross-examination, who could testify to the means by which the critical instrument-generated data was produced and could interpret those data for the jury, giving his own, independent opinion as to the level of alcohol in defendant’s blood sample.
Cantil-Sakauye, C. J., Baxter, J., and Chin, J., concurred.